## THE CITY OF AURORA

*v.*

### JOSEPH LOVE.

1. MUNICIPAL CORPORATION—*liability for flooding lot.* Where a city, in improving its streets, so constructs its ditches as to throw upon the lot of an individual a more than usual quantity of surface water, and makes a culvert on the street below such lot inadequate to carry off the water, whereby it is caused to flow back and remain upon the lot, the city will be liable to the owner of the lot for the damages sustained.

2. EVIDENCE—*on question of damages.* On the examination of witnesses upon the question of damages to real estate, it is proper to bring out all the facts bearing on the true measure of damages, even though elicited by questions as to collateral facts.

APPEAL from the Circuit Court of Kane county; the Hon. HIRAM H. CODY, Judge, presiding.

Mr. A. E. SEARLES, and Messrs. BROWN & SOUTHWORTH, for the appellant.

Mr. B. F. PARKS, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action by Love, against the city, for damages alleged to have been done to the property of plaintiff by reason

of the construction, by the city, of a system of ditches, and by reason of the inadequacy of a culvert. Plaintiff alleged that by the construction of the ditches, a larger quantity of surface water was thrown upon his land than would have flowed upon the same in its natural course; and also that in the construction of a street below his land, without an adequate culvert, the water was caused to flow back and remain upon his land. Issues were formed and a jury trial had, resulting in a verdict for the plaintiff. After overruling a motion for a new trial judgment was entered upon the verdict, and the city has appealed.

It is strenuously insisted by appellant, that by the weight of evidence in the case, it appears that no more water is cast upon plaintiff's land than has always flowed over the same, and that the culvert under the street below the land of plaintiff was, in truth, adequate, so that the street was no obstruction to the escape of the water.

The evidence preserved in the record is very voluminous and is not harmonious. After a careful reading of the proofs, we think the jury were fully authorized therefrom to find the verdict in question, and that there is no ground for disturbing the verdict as against the proofs.

Defendant was not injured by the ruling of the court in permitting the question to be put to the plaintiff, as a witness, as to what extent the value of the property had been reduced by the causes complained of, because the question was not answered. The witness did say that "if the water had not bothered me I would not take $3000 for the property," but he does not say what it was worth with the "bother" from the water. In the examination of witnesses on a question of damages, it is impracticable to bring out all the facts bearing on the true measure of damages, without permitting questions as to collateral facts. The true measure of damages can not be defined or adhered to in every question.

In an action of trover for the conversion of a horse, the true measure of damages is the value of the horse at the time

of the conversion.   But witnesses may be examined as to the size, age, style and qualities of the horse, and it is not necessary òr proper that the plaintiff be strictly limited to asking his witness what was the value at the time of the conversion. Witnesses may be allowed on trial to speak of collateral matters which may aid the jury in following the true rule of damages.

Some questions are raised and discussed by appellant as to the instructions given and refused.   We have examined the charge of the court, and without discussing the instructions in detail, it is sufficient to say we find no material error in those given, and we think the law of the case was sufficiently presented in the instructions given.

The judgment must be affirmed.

*Judgment affirmed.*